---

## 11818

### YORKVILLE BUILDING & LOAN ASSN. v. FOSTER

#### (129 S. E., 44)

Building and Loan Associations—Interest Held Properly Computed on Bond and Mortgage, as Against Claim of Usury.—Interest on building and loan association bond and mortgage at eight per cent *held* not usurious because payable monthly.

Before Henry, J., York, May, 1924. Affirmed.

Action by the Yorkville Building & Loan Association against J. Harry Foster. Decree for plaintiff and defendant appeals.

The answer alleged usury and contained a counterclaim for double the interest collected and a disallowance of all.

The Referee's report and the decree below follows:

#### REFEREE'S REPORT

The above-entitled action was referred to me by an order of his Honor, S. W. G. Shipp, bearing date the 26th day of December, 1923, to take the testimony and report upon all

the issues of law and fact raised by the pleadings, with leave to report special matter.   I held references in the case in York and in Rock Hill, the minutes of which are herewith filed and marked for identification.

This is an action to foreclose a real estate mortgage, bearing date November 18, 1911, given by the defendant J. Harry Foster to the plaintiff upon a house and lot on King's Mountain Street in the Town of York, S. C., the mortgage being recorded in the R. M. C. Office for York County, S. C., in Book 21, page 151, securing a bond of even date, both, of said instruments providing for the payment of "the full and just sum of $3,000, this day borrowed of said association, at such time as the obligor's stock in said association, shall mature (i. e., reach the par value of $100 per share on the books of said association) and that I (2) shall pay interest at the rate of 8 per cent. per annum from the date thereof until paid, payable on the next 15th day of the month from its date, and monthly thereafter; and (3) shall also pay each monthly installment as it falls due under my subscription for 30 shares of the capital stock of said association, payable at the rate of $1 per share on the 15th day of each month until maturity; and (4) shall in every respect comply with and abide by the charter and by-laws of said association, or failing in respect to payment of interest or dues, that said failure shall not continue more than 90 days, in which case the said debt shall forthwith become due and payable."

It is alleged that the defendant has made default, and that there is due upon the bond and mortgage the sum of $3,000, besides interest and attorney's fees for service of plaintiff's attorneys for foreclosing the mortgage, less all credits, and judgment is sought for said sum, and for the sale of the mortgaged premises.

The defendant J. Harry Foster denied that he received entire the $3,000, as alleged in the complaint, averring that he never received over $2,700; he charges that the interest

charged and collected on the note and mortgage was usurious, and a greater rate of interest than allowed by law; he alleged that some time in the latter part of 1916, through an agent of the plaintiff, he bargained to sell the mortgaged premises to the defendant Henry B. James at and for the sum of $3,600; that the agent of the plaintiff agreed to collect the purchase price from said defendant and apply the proceeds to the extinguishment of the said note and mortgage, and the note and mortgage held by J. J. Keller & Co., after deducting commissions; it being further agreed between the agent of the plaintiff and the defendant Henry B. James that the latter was to assume the payment of the mortgage of the plaintiff,—all of which was duly ratified and approved by the plaintiff; that, resting upon the belief that the mortgage had been liquidated, the defendant J. Harry Foster did not pay the taxes or insurance upon the property. The said defendant further alleged that, believing the defendant Henry B. James had complied with his agreement by the assumption of said mortgage, and the payment of the balance of the purchase price, he paid no principal or interest upon the mortgage; that by reason of the failure of the defendant Henry B. James to carry out his undertaking he has forfeited all rights under the contract of bargain and sale and neither the said Henry B. James, or any of his grantees or assigns, have any equity in the real estate. The said answer further alleges that the real estate has a rental value of $600 a year, for which sum the plaintiff should be made to account to the defendant J. Harry Foster from the latter part of 1916 to the present time; that otherwise the defendant would sustain a loss of $4,000, which sum should be applied to the plaintiff's mortgage, and the mortgage originally given to J. J. Keller & Co. The said defendant in this connection specifically alleges that it was the duty of the plaintiff to collect the rent, and that the $4,000 loss of the defendant was suffered through the laches of the plaintiff; and that accordingly the

plaintiff is estopped from foreclosing its mortgage for a greater sum than $3,000. At a later reference in the cause the defendant J. Harry Foster moved to amend his answer by setting up the alleged usurious interest as a counterclaim for double the amount of usurious interest collected.

Geo. W. Williams testified that he was secretary and treasurer of the Yorkville Building & Loan Association in 1911, and that he still holds the office. He stated that the plaintiff was still the owner of the note and mortgage sued on, and presents his calculations of the indebtedness due under the contract in the sum of $5,509.68 on January 7, 1924, without attorney's fees. He furnished a statement of the distribution of the $3,000 along with canceled checks. He stated that he had calculated the debt on a basis of 8 per cent. annual interest payable monthly. He explained that, when the monthly interest payment was not paid, 10 cents per share per month was provided for by the by-laws, but that, in lieu of imposing fines, the association charged 8 per cent. on unpaid installments in order to equalize the profits. In explaining the interest charge, the witness said that the association did not claim interest from the date of its mortgage, as the money was paid out as the house progressed in its building, so interest had been calculated on the various advances up to February 15, 1912, when all of the money had been advanced, and thereafter interest had been calculated on the entire face of the loan. The witness explained that Mr. Foster had been credited with his share of the profits as well as charged with interest on the deferred payments, thereby equalizing the matter.

The record in this case shows default that the Building & Loan has not been paid, and that it is due the original debt, less the several payments made. The defendant Henry B. James claims to have acquired equitable right, and sets up ownership through his contract and possession, and the defendant J. Harry Foster attacks any right of the defendant Henry B. James upon the ground that the rent of the prop-

erty would amount to far more than what James has paid. As against the Building & Loan, he contends that usury has been charged, and seeks to set up double the amount of the interest collected by way of counterclaim.

The documentary evidence introduced in this case convinces me that Henry B. James failed to fulfill his contract of purchase. The letter which Mr. Foster wrote on January 22, 1917, was clear in its requirements that James should close the matter up by proper assumption of the mortgages and payment of brokerage commissions February 1, 1917, if possible. Mr. James went into possession of the property, specifically assumed no mortgage debt, and did nothing, except make certain improvements for his own benefit and convenience. The evidence satisfies me that the rental value of the property for seven years amounted to fully as much as Mr. James' expenditures on the property, and I think the law would look with disfavor upon thus allowing one to enjoy the use and benefit of property of another without assuming the responsibilities and obligations incident thereto. So I find that the defendant Henry B. James has no interest or equitable rights in the property.

I do not think that there is any evidence from which it can be inferred that the Yorkville Building & Loan Association is legally responsible for the failure of the defendant Henry B. James to have fulfilled his obligation to assume and pay the mortgage debts and other liens affecting the Foster property merely because Geo. W. Williams, who was the broker in the transaction for the defendant J. Harry Foster, was at the same time the secretary and treasurer and general manager of the Yorkville Building & Loan Association; and that conclusion leads to the result that no loss by way of rental value, or otherwise, which the defendant Foster suffered can be used as an offset against the mortgage indebtedness originally due by him to the Building & Loan Association.

I shall next consider the defense set up by the defendant J. Harry Foster that the Building & Loan Association has charged and collected usury in connection with the loan. In the beginning of the report I set out fully the provisions contained in the note and mortgage bearing upon the principal debt, rate of interest, and payment of stock subscription. I find nothing in the contract or provisions which are usurious or illegal. Under the law of this State one has the right, by written contract, to charge interest at the rate of . 8 per cent. payable annually, or even monthly. There is a vast difference between 8 per cent. annual interest, payable monthly, and 8 per cent. compound interest. Annual interest is the method by which past due interest is not compounded with the principal, but each installment becomes new principal, which bears simple interest. 22 Cyc. p. 1470.

I find nothing in the evidence which indicates that the plaintiff charged and collected usury.

In calculating annual interest there are annual rests, and each installment bears simple interest, and is not added to the original principal. The law in this State permits 8 per cent. interest to be discounted in advance, and it is not improper or unlawful for the interest to be compounded in monthly rests, instead of annual rests. 39 Cyc., 951; 27 R. C. L., 229. *Tate v. Lenhardt,* 110 S. C., 570; 96 S. E., 720. *Heyward v. Williams,* 63 S. C., 471; 41 S. E., 550.

It having been found that there is nothing illegal or usurious in the terms of the note and mortgage providing for the payment of 8 per cent. interest, payable monthly, and no usurious interest having been collected, it only remains to apply in this case the proper method of calculation in order to determine what sum is now due and owing upon the mortgage of the plaintiff. The case of *Interstate Building and Loan Association v. Holland,* 65 S. C., 448; 43 S. E., 978, lays down the rules which must be followed in this State for calculating the amount due by a borrowing mem-

ber from a Building & Loan Association. However, I am satisfied the cases of *Mayfied v. Mortgage Co.,* 104 S. C., 157; 88 S. E., 370, and *Danielson v. Mixon,* 109 S. C., 265; 95 S. E., 515, authorize the deduction of all reasonable expenses in connection with loans without making usury. See, also, *Bank v. Parrott,* 30 S. C., 61; 8 S. E., 199. *Newton v. Woodley,* 55 S. C., 132; 32 S. E., 531; 33 S. E., 1.

In the case of *Heyward v. Williams, supra,* there was a note for $4,000, payable three years after date, with interest at the rate of 10 per cent. per annum after maturity. Six notes for $200 each were given to represent interest installments. These interest notes bore interest from their maturity, and interest was calculated and collected thereon, and this method of calculation was upheld by the Court.

In order to arrive at the amount due in the light of the decisions set forth herein, I have calculated interest upon the entire $3,000 at 8 per cent., and calculated the debt in accordance with partial payment rules, giving credits for all payments made either for stock or interest at the date of payment of each, by which method I find to be due on the 7th day of January, 1924, the sum of $5,605.54. The interest is calculated at 8 per cent. upon the principal debt from its inception, and all matured interest bears interest at the rate of 7 per cent. To this sum must be added $420.41, representing 7½ per cent. attorney's fees. In view of the contest of the mortgage debt, I think plaintiff's attorneys are entitled to 7½ per cent. attorney's fees, and accordingly allow same.

It appears from the record in this case that the mortgaged premises have already been sold by consent, and that the property only brought $7,000, and the several lien debts herein found exceed that sum.

The calculations upon the several lien debts herein found, and set forth below as a part of this report, numbered pages 1, 2, and 3.

## CALCULATIONS

### Paving Lien

Amount of paving lien ......................$    271 02
6% int. thereon from 5-1-19
                    to 7-1-23

                    2      5—5 years and 2 days ..      81 40

Total  amount  paving  lien  due  the  town  of
    York  ..............................$   352 42

Logan Mortgage Assigned to Mary Brooks James.

Principal  ...............................$   400 00
7% int. from 3-9-13
              to 7-1-24

              4-4-10—10 yrs. 4 mos. and 4 days     331 00

                                          $   731 00
Annual interest @ 7% on $32.00, 48 yrs. 5 mos.
    and 6 days ..........................      98 46

                                          $   829 46
5% attorney's fees allowed ................      41 47

    Total amount Logan mortgage ..........$   870 93

### Building and Loan Mortgage

Principal  .............................$ 3,000 00
Interest  8%   to   15-2-12   from   18-11-11—2
    months and 27 days ..................      57 99

                                          $ 3,057 99

| Report of Referee | [132 S. C. |
|---|---|
| Credit Feb. 15, 1922 ..................... | 142 78 |
| Interest at 8% from 15-2-1912 to 15-3-1912—1 Mo. .............................. | 19 43 |
| | $ 2,934 64 |
| Credit March 15, 1915 ................... | 50 00 |
| | $ 2,884 64 |
| Interest at 8% from 15-3-12 to 15-4-12—1 mo. | 19 23 |
| | $ 2,903 87 |
| Credit ................................ | 50 00 |
| | $ 2,853 87 |
| 8% interest from 15-4-12 to 15-5-12—1 mo. ... | 19 02 |
| | $ 2,872 89 |
| Credit ................................ | 50 00 |
| | $ 2,822 89 |
| Interest at 8% from 15-5-12 to 15-6-12—1 mo. | 18 81 |
| | $ 2,841 70 |
| Credit ................................ | 50 00 |
| | $ 2,791 70 |
| Interest at 8% from 15-6-12 to 15-7-12—1 mo. | 18 61 |
| | $ 2,810 31 |
| Credit ................................ | 50 00 |
| | $ 2,760 31 |
| Interest at 8% from 15-7-12 to 15-10-12—3 mos. .............................. | 55 20 |
| | $ 2,815 51 |

Credit ................................              152 20

                                            $ 2,663 31
                Building and Loan Mortgage
8% interest from 15-10-12 to 15-12-13—1 yr. 2
    mos., simple int. ......................$      248 57
7% interest on interest ...................          2 48

Total interest ...........................$        251 05
Credit ................................            100 00

                                            $      151 05
8% interest from 15-2-14 to 15-12-
    13—2 mos. ...............$      35 51
Annual interest @ .7% ..........        1 76        37 21

                                            $      188 32
Credit .............................               20 00

                                            $      168 32
8% interest from 15-2-14 to 15-3-
    14—22 dys. ................$     13 00
Annual interest @ 7% ...........        70          13 70

                                            $      182 02
Credit ................................            20 00

                                            $      162 02
8% interest from 7-3-14 to 21-7-
    14—4 mos. 14 dys. ........$     79 28
Annual interest @ .7% ..........       4 20         83 48

                                            $      245 50
Credit ................................            50 00

                                            $      195 50

| Report of Referee | | [132 S. C. |
|---|---|---|
| 8% interest from 21-7-14 to 15-2-<br>15—6 mos. 24 dys. .........$ | 130 72 | |
| Annual int. @ 7% on $213.06 ... | 3 72 | 284 20 |
| | $ | 323 97 |
| Credit ................................ | | 162 00 |
| | $ | 161 97 |
| 8% interest from 15-2-15 to 15-5-<br>16—1 yr. 3 mos. ..........$ | 266 32 | |
| Annual int. @ 7% on $161.97 ..... | 14 16 | |
| Annual int. @ 7% on $213.06 ... | 7 72 | 284 20 |
| | $ | 446 17 |
| Credit ................................ | | 25 85 |
| | $ | 420 32 |
| 8% interest from 15-5-16 to 7-1-<br>24—7 yrs. 7 mos. 22 dys. ...$ | 1,628 70 | |
| Annual int. @ 7% on $420.32 .... | 224 88 | |
| Annual int. @ 7% on $213.06 ... | 380 36 | 2;233 94 |
| | $ | 2,654 26 |
| Add principal ........................... | | 2,663 31 |
| | $ | 5,317 57 |
| Add insurance and taxes ................. | | 287 98 |
| Amount due Jan. 7, 1924 ................. | | 5,605 54 |
| 7½% Attorney's fees allowed ............. | | 420 41 |
| Total amount building and loan mtge. ........$ | | 6,025 95 |

## DECREE

This case came on to be heard before me this day upon exceptions taken by the defendant J. Harry Foster to the

report of the special Referee, C. W. F. Spencer. After hearing the said exceptions, and after hearing before argument from counsel representing both the defendant Foster and the plaintiff, the Yorkville Building & Loan Association, I have come to the conclusion that the report of the special Referee should be sustained in all particulars, and it is therefore ordered, adjudged, and decreed that all exceptions taken by the said J. Harry Foster as to the report of the special Referee be and hereby are overruled, and that the said report be confirmed.

*Messrs. Dunlap & Dunlap,* for appellant.

*Messrs. Marion & Finley,* for respondent, cite: *Usury:* Civ. Code, 1922, Sec. 3639; 110 S. C., 578; 63 S. C., 541; 60 S. C., 23; 47 S. C., 397; 44 S. C., 129; 28 S. C., 534.. *Calculation of interest on building and loan contract:* 65 S. C., 453. *Annual interest:* 22 Cyc., 1470 ; Jones on Mortgages, par: 634; 39 Cyc., 951; 29 A. L. R., 1112; 63 S. C., 471; 27 R. C. L., 229. *Expenses of loan deducted:* 104 S. C., 152. *Burden of proving usury:* 44 S. C., 90; 39 Cyc., 1050; Jones on Mortgages, par. 643.

August 12, 1925.

The opinion of the Court was delivered by MR. JUSTICE COTHRAN.

The Referee has calculated the interest upon the bond and mortgage up to October 15, 1912, as if it had been a plain note, dated November 18, 1911, payable one day after date, for $3,000, with interest at 8 per cent., allowing the defendant credit for the payments made by him during that period. He correctly found, as the Court has verified, that the balance of the principal unpaid up to that date, October 15, 1912, was $2,663.31. The defendant certainly has no ground of complaint upon this score; the calculation having been made according to what is known as the United States rule. The payments during that period were more than sufficient to pay the interest, so that it was not necessary to

resort to the calculation of annual interest and interest upon interest until after that date when the payments were not sufficient to pay the interest.

The interest upon $2,663.31 at 8 per cent. would be $17.75 per month, which under the terms of the contract was payable monthly. Each installment thereof could have been considered as a separate principal bearing simple interest at 7 per cent., to which the payments thereafter made were applicable.

Adopting this method, the amount unpaid upon these monthly installments with annual interest, after applying all payments made by the defendant, as of April 18, 1924, the date of the Referee's report, would be $2,781.05, which, added to the balance of the principal unpaid, $2,663.31 makes $5,443.36, more by $125.79 than the Referee found. The defendant has no right to complain of this.

The Court is satisfied with the conclusion of the Referee, confirmed by the Circuit Judge, and the decree is accordingly affirmed.

Let the report and the decree be incorporated in the report of the case.

MR. CHIEF JUSTICE GARY and MESSRS. JUSTICES WATTS and MARION concur.